**Varetta E. BURKE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 71–1613.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1972.

Decided April 17, 1972.

William W. Green, Hot Springs, Ark., on brief for appellant.

L. Patrick Gray, III, Asst. Atty. Gen., Kathryn H. Baldwin, Eloise E. Davies, Attys., Dept. of Justice, Washington, D. C., and Bethel B. Larey, U. S. Atty., Fort Smith, Ark., on brief for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, MEHAFFY and STEPHENSON, Circuit Judges.

PER CURIAM.

This appeal is from a ruling by Judge Harris dismissing appellant's claim for

the proceeds of a National Service Life Insurance policy.

James H. Burke, then unmarried, applied for a National Service Life Insurance policy in the amount of $5,000 on October 2, 1950. Burke named his father the principal beneficiary and his brother as contingent beneficiary, selecting a lump sum settlement (rather than an installment settlement) as to both. Burke's father died July 31, 1958. On December 1, 1958, Burke and the appellant were married. Burke died November 25, 1965. His brother, the contingent beneficiary, died February 26, 1966, intestate, without next of kin or heirs and without having applied for the proceeds payable under the policy.

Appellant, Burke's surviving widow, joined with the Administrator of Burke's estate in an action to recover the proceeds payable on the NSLI policy. The trial court, in dismissing appellant's claim, held that under the statutory scheme set forth by Congress, the proceeds were payable only to the contingent beneficiary's estate unless the proceeds would escheat to the State of Illinois, in which case no payment should be made.

Appellant contends that since the congressional purpose underlying passage of the National Service Life Insurance Act of 1940 was to protect the surviving family of a deceased serviceman from financial hardship, the trial court's determination results in unjust enrichment or a "windfall" for the appellee. Further, appellant asserts that a "void or grey area" exists within the Act as to whom the proceeds of this policy should be paid. We disagree.

We find no "void or grey area" in the Act relevant to this case. Under 38 U.S.C. § 717,[1] where the principal beneficiary predeceases the insured, the policy proceeds are to be paid to the surviving contingent beneficiary or his estate (if he survived the insured) unless it is shown such sums would escheat. If escheat would result the Veterans Administration is to make no payments under the policy.

Of course were the statutory provisions ambiguous they should be construed liberally to effectuate the beneficial purposes Congress had in mind. United States v. Zazove, 334 U.S. 602, 610–611, 68 S.Ct. 1284, 92 L.Ed. 1601 (1948). However, we find the statute clear and unambiguous with respect to the circumstances of this case.

Similarly, we find no unjust enrichment or "windfall" to the appellee. A review of the history of war risk insurance discloses that during wartime Congress closely circumscribed the class of permissible beneficiaries to insure that proceeds of such policies would go to persons dependent upon the insured soldier for financial support.[2] Congress in 1946, however, broadened the Act by granting insured servicemen the right to designate their choice of beneficiaries and with the right at all times to change such designations without the consent of the beneficiaries.[3] Pursuant to such congressional command, the appellee contracted to pay the policy proceeds to Burke's choice. Unfortunately for the appellant, Burke chose his father and brother. See Wissner v. Wissner, 338 U.S. 655, 658, 70 S.Ct. 398, 94 L.Ed. 424 (1950).

Affirmed.

1. See 38 C.F.R. §§ 8.88–8.94 (1971).

2. *United States* v *Henning, 344* U.S. 66, 73 S.Ct. 114, 97 L.Ed. 101 (1952).

3. 38 U.S.C. § 717(a).